Louis J. Viglotti, Esq. Informal Opinion Village Attorney No. 98-39 Village of Wappingers Falls 2 South Avenue Wappingers Falls, N Y 12590
Dear Mr. Viglotti:
You have asked whether a police officer employed part-time by the Village of Wappingers Falls who also runs an automobile service station and towing business may have his company placed on the list from which the Village police force selects businesses to tow disabled or impounded vehicles. You note that the list has been approved by the Village Board and is used to avoid random and discretionary selection of towing companies by police officers.
In a telephone conversation, you advised us that the selection of a towing company from the list proceeds in rotation. When the need for towing services arises and the owner or operator of the vehicle does not select a towing company, the first towing business on the list is called by a police dispatcher. Once a towing company has been contacted by the police force, it is not contacted again until each of the other businesses on the list has been afforded a similar opportunity to respond.
We previously have concluded that a municipality may establish a list of qualified towing companies, call only those companies when towing services are required and prohibit other companies from soliciting towing work. Op Atty Gen (Inf) No. 97-37. We also have frequently stated that public officials should avoid circumstances that compromise their ability to make impartial judgments solely in the public interest. Even the appearance of impropriety should be avoided to maintain public confidence in government. See, e.g., Op Atty Gen (Inf) No. 97-5.
Placement of the part-time police officer's towing business on the list from which the Village police force selects companies to tow disabled or impounded vehicles presents potential conflicts of interests. For example, an appearance of impropriety would be created if the police officer's business is called when that officer is at the scene of an accident or arrest. Similarly, a conflict of interests would arise if Village police officers recommend their colleague's business to individuals in need of towing services rather than resort to the list.
We conclude that if the Village relies on the rotation system for selecting towing companies and takes appropriate steps to avoid other situations presenting potential conflicts, the police officer's business may be placed on the list. Also, the business would have to meet the standards applied for placement on the list.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
SIOBHAN S. CRARY
Assistant Attorney General